UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> Plaintiff, </br></br> v. </br></br> HOOLEY WORLD WIDE INC. D/B/A HUCKFIN CHARTERS; and WERNER CHRISTIAN SCHLEBACH, </br></br> Defendants. | ) </br> ) </br> ) Civil Action No. 2:23-cv-03380-DCN </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## COMPLAINT

The United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Secretary of the United States Department of the Army, acting through the United States Army Corps of Engineers ("Corps"), alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action commenced under Section 17 of the Rivers and Harbors Act of 1899 ("RHA"), 33 U.S.C. § 413. The United States seeks injunctive relief against Defendants Hooley World Wide Inc. d/b/a Huckfin Charters and Werner Christian Schlebach (collectively "Defendants") for: (a) the construction, installation, and placement of a structure known as "Hooley Island" in navigable waters of the United States without authorization, in violation of RHA Section 10, 33 U.S.C. § 403; and (b) the creation of an obstruction to the navigable capacity of navigable waters of the United States without authorization, in violation of RHA Section 10, 33 U.S.C. § 403.

2.	In this action, the United States seeks: (a) injunctive relief compelling Defendants to remove the unauthorized structure alleged herein from navigable waters of the United States; (b) injunctive relief compelling Defendants to remove the unauthorized obstruction alleged herein to the navigable capacity of navigable waters of the United States; (c) injunctive relief enjoining Defendants from further building structures in navigable waters of the United States, except in compliance with the RHA; (d) injunctive relief enjoining Defendants from creating obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA; (e) an award to the United States of costs and disbursements in this action; (f) an order requiring an accounting by Defendants of the use of proceeds from operating a commercial facility from Hooley Island as described in this Complaint and the disgorgement by Defendants of those proceeds to effect the remedial purposes of the RHA; and (g) such other relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

3.	This Court has jurisdiction over the subject matter of this action pursuant to RHA Section 12, 33 U.S.C. § 406, and 28 U.S.C. §§ 1331, 1345, and 1355.

4.	Venue is proper in the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 121 and 1391(b) and (c) because Defendants conduct business in this District; Defendant, Werner Christian Schlebach, resides in this District as described herein; the unauthorized structure is unlawfully moored in Folly Creek, navigable waters of the United States located in this District; and the cause of action alleged herein arose in this District.

**PARTIES**

5. Plaintiff is the United States, and authority to bring this action is vested in the United States Department of Justice pursuant to Section 17 of the Rivers and Harbors Act of 1899, 33 U.S.C. § 413, and 28 U.S.C. §§ 516 and 519.

6. Upon information and belief, Defendant, Werner Christian Schlebach, is an individual who resides in Charleston County, South Carolina, on a seasonal basis.

7. Upon information and belief, Defendant, Werner Christian Schlebach, owns a parcel of real estate in Charleston County, South Carolina, with Tax Map Sequence ("TMS") number 331-07-00-212, and with address 1578 Teal Marsh Road, Charleston, South Carolina 29412.

8. Upon information and belief, Defendant, Hooley World Wide Inc., d/b/a Huckfin Charters, is a corporation formed under the laws of Rhode Island with a Headquarters business address of 33 Americas Cup Avenue, Newport, RI 02840 and a branch address of 7 Merton Road, Newport, Rhode Island 02840.

9. Upon information and belief, Defendant, Hooley World Wide Inc., d/b/a Huckfin Charters, conducts business at 9th Street W, Folly Beach, South Carolina 29439.

10. Upon information and belief, Defendants owned, operated, or otherwise controlled Hooley Island at all times relevant to this action.

**STATUTORY AND REGULATORY BACKGROUND**

11. RHA Section 10, 33 U.S.C. § 403, prohibits the "creation of any obstruction . . . to the navigable capacity of any of the waters of the United States."

12. RHA Section 10, 33 U.S.C. § 403, provides that it "shall not be lawful to build or commence the building of any wharf, pier, dolphin, boom, weir, breakwater, bulkhead, jetty, or

other structures in any port, roadstead, haven, harbor, canal, navigable river, or other water of the United States, outside of established harbor lines, or where no harbor lines have been established, except on plans recommend by the Chief of Engineers and authorized by the Secretary of the Army."

13. RHA Section 10, 33 U.S.C. § 403, provides that it "shall not be lawful to excavate or fill, or in any manner to alter or modify the course, location, condition, or capacity of, any port, roadstead, haven, harbor, canal, lake, harbor or refuge, or inclosure within the limits of any breakwater, or of the channel of any navigable water of the United States, unless the work has been recommended by the Chief of Engineers and authorized by the Secretary of the Army prior to beginning the same."

14. "Navigable waters of the United States are those waters that are subject to the ebb and flow of the tide and/or are presently used, or have been used in the past, or may be susceptible for use to transport interstate or foreign commerce. A determination of navigability, once made, applies laterally over the entire surface of the waterbody, and is not extinguished by later actions or events which impede or destroy navigable capacity." 33 C.F.R. § 329.4; *see also* 33 C.F.R. § 322.2(a).

15. "The term structure shall include, without limitation, any pier, boat dock, boat ramp, wharf, dolphin, weir, boom, breakwater, bulkhead, revetment, riprap, jetty, artificial island, artificial reef, permanent mooring structure, power transmission line, permanently moored floating vessel, piling, aid to navigation, or any other obstacle or obstruction." 33 C.F.R. § 322.2(b).

16. A Department of the Army permit is required under RHA Section 10, 33 U.S.C. § 403, for structures or work in or affecting navigable waters of the United States. 33 C.F.R. § 322.3(a).

17. RHA Section 12, 33 U.S.C. § 406, provides that "the removal of any structures or parts of structures erected in violation of the provisions of the said sections [33 U.S.C. § 403] may be enforced by the injunction of any district court exercising jurisdiction in any district in which such structures may exist, and proper proceedings to this end may be instituted under the direction of the Attorney General of the United States."

18. The equitable relief contained in RHA Section 12, 33 U.S.C. § 406, includes disgorgement of profits for violation of RHA Section 10, 33 U.S.C. § 403. *See United States v. Republic Steel Corp.*, 362 U.S. 482, 492 (1960) (holding that the structuring of appropriate remedies under the RHA may rest on inferences drawn from the specific language or the broadly defined purpose of the RHA); *Porter v. Warner Holding Co.*, 328 U.S. 395, 399 (1946) ("Nothing is more clearly a part of the subject matter of a suit for an injunction than the recovery of that which has been illegally acquired and which has given rise to the necessity for injunctive relief.").

## GENERAL ALLEGATIONS

**A.     FOLLY CREEK IS A NAVIGABLE WATER OF THE UNITED STATES**

19. Folly Creek is subject to the ebb and flow of the tide.

20. Folly Creek is used or may be susceptible for use to transport interstate or foreign commerce.

21. Folly Creek constitutes navigable waters of the United States within the meaning of the RHA, including RHA Section 10, 33 U.S.C. § 403.

22. Folly Creek constitutes "navigable waters of the United States" as that term is defined in 33 C.F.R § 329.4.

23. Folly Creek constitutes "navigable waters of the United States" as that term is defined in 33 C.F.R. § 322.2(a).

**B.  HOOLEY ISLAND**

24. On or about March 29, 2019, Defendants (and/or persons acting on their behalf or at their direction) constructed, installed, and placed Hooley Island in Folly Creek.

25. Upon information and belief, Hooley Island is approximately 32' x 32' (roughly 1,000 square feet), with furniture and a grill affixed to a wood deck with flotation underneath.

26. Hooley Island is and has been at all times relevant to this action, moored in Folly Creek (Latitude: 32.-666489 °N and Longitude: -79.962842 °W).

27. The moored location of Hooley Island is approximately 270 feet from the nearest saltmarsh edge, and approximately one-half mile north of where Folly Creek flows into the Folly River at Mariner's Cay Marina.

28. On or about March 30, 2019, Defendants (and/or persons acting on their behalf or at their direction) began commercially operating Hooley Island in Folly Creek.

29. From March 30, 2019, to the present, Defendants (and/or persons acting on their behalf or at their direction) have commercially operated Hooley Island in Folly Creek.

30. The structure and/or obstruction known as Hooley Island presents a potential risk and/or hazard to navigation, property, and public safety on Folly Creek.

31. A photograph of Hooley Island is attached, and incorporated into this Complaint, as Appendix A.

**COUNT I: Violation of the Rivers and Harbors Act of 1899**

32  The United States repeats the allegations set forth in Paragraphs 1 through 31 of this complaint.

33. Hooley Island, as constructed, installed, and placed by one or more Defendants (and/or persons acting on their behalf or at their direction) in navigable waters of the United States, constitutes a "structure" within the meaning of RHA Section 10, 33 U.S.C. § 403.

34. Hooley Island, as constructed, installed, and placed by one or more Defendants (and/or persons acting on their behalf or at their direction) in navigable waters of the United States, constitutes a "structure," as that term is defined in 33 C.F.R. § 322.2(b).

35. Hooley Island is also an obstruction to the navigable capacity of navigable waters of the United States.

36. Hooley Island required authorization under RHA Section 10, 33 U.S.C. § 403, and the Corps' implementing regulations at 33 C.F.R. Part 322, including 33 C.F.R. § 322.3(a), for its construction, installation, and placement in navigable waters of the United States.

37. Defendants did not obtain a Department of the Army permit for the construction, installation, and placement of Hooley Island in Folly Creek as required by RHA Section 10, 33 U.S.C. § 403.

38. The unauthorized construction, installation, and placement of the Hooley Island structure in navigable waters of the United States violates RHA Section 10, 33 U.S.C. § 403.

39. Hooley Island's unauthorized obstruction to the navigable capacity of navigable waters of the United States violates RHA Section 10, 33 U.S.C. § 403.

40. Defendants have violated and continue to violate RHA Section 10, 33 U.S.C. § 403, by: (a) the construction, installation, and placement of the Hooley Island structure in Folly Creek without a Department of the Army permit; and (b) the creation of an obstruction to the navigable capacity of navigable waters of the United States without a Department of the Army permit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States, respectfully requests that this Court order the following relief:

a. Compel Defendants to remove the unauthorized Hooley Island structure alleged herein from navigable waters of the United States pursuant to the RHA, 33 U.S.C. § 401 et. seq., and in accordance with all other requirements of law, including federal, state, and local law, after conferring with the relevant authorities, including the Corps, the South Carolina Department of Health and Environmental Control, and the South Carolina Department of Natural Resources;

b. Compel Defendants to remove the unauthorized obstruction alleged herein to the navigable capacity of navigable waters of the United States pursuant to the RHA 33 U.S.C. § 401 et. seq., and in accordance with all other requirements of law, including federal, state, and local law, after conferring with the relevant authorities, including the Corps, the South Carolina Department of Health and Environmental Control, and the South Carolina Department of Natural Resources;

c. Enjoin Defendants from further building structures in navigable waters of the United States, except in compliance with the RHA;

d. Enjoin Defendants from creating obstructions in or affecting the navigable waters of the United States, except in compliance with the RHA;

e. Award the United States costs and disbursements in this action;

f. Order an accounting by Defendants of the use of proceeds from operating a commercial facility from Hooley Island as described in this Complaint and order the disgorgement by Defendants of those proceeds to effect the remedial purposes of the RHA; and

g. Grant such other relief as the Court deems just and proper.

        Respectfully submitted,

        ADAIR F. BOROUGHS
        UNITED STATES ATTORNEY

By: *s/ Beth Drake*
        BETH DRAKE (#5598)
        Assistant United States Attorney
        1441 Main Street, Suite 500
        Columbia, SC  29201
        Phone:  (803) 929-3061
        Email:  Beth.Drake@usdoj.gov

July 14, 2023


Appendix A: Photograph of Hooley Island

9

Appendix A:  Photograph of Hooley Island



(Source: https://huckfincharters.com/product/hooley-island-party-dock/)